UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Key West Division

FILED by *RCS* D.C.
NOV 17 2009
STEVEN M. LARIMORE
CLERK U.S. DIST CT
S. D. of FLA. – MIAMI

KYLE TAYLOR and JULIA TAYLOR
as Co-Personal Representatives of the
Estate of GORDON BENNETT TAYLOR,
their father, and the Estate of
BARBARA TAYLOR, their mother,

Case No. **09-10105**

Plaintiffs,

vs.

THE UNITED STATES OF AMERICA, on behalf of
THE FEDERAL AVIATION ADMINISTRATION

Defendant,
_____/

CIV-MOORE

MAGISTRATE JUDGE
SIMONTON

## COMPLAINT

Plaintiffs, by and through undersigned counsel, hereby sue the defendant, the United States of America, on behalf of The Federal Aviation Administration, and allege as follows:

### PLAINTIFFS

1.  Plaintiffs, 22-year old Kyle Taylor and 19-year old Julia Taylor, are the daughters of Gordon Bennett Taylor and Barbara Taylor. On November 7, 2008, Gordon Bennet Taylor and Barbara Taylor were killed in a plane crash in Gainesville, Florida. Gordon Bennett Taylor and Barbara Taylor were passengers flying to Gainesville to obtain an kidney transplant for Mr. Taylor. The plane crash in inclement weather conditions less than one mile from the runway at the Gainesville Regional Airport. The plane crashed because the air traffic controllers handling the flight failed to properly monitor this flight and provide information and instruction to the pilot,

including failing to inform the pilot that he was too low on his approach to the runway at Gainesville Regional Airport.

2. On December 4, 2008, Kyle Taylor and Julia Taylor were appointed Co-Personal Representatives of the Estate of Gordon Bennett Taylor and the Estate of Barbara Taylor, by Letters of Administration issued by the Circuit Court of Monroe County, Probate Division, File No. 2008-CP-217-K; and 2008-CP-218-K respectively.

3. Co-Personal Representatives Kyle Taylor and Julia Taylor are Florida residents with their principle place of residence being Key West, Florida. They are otherwise *sui juris*.

4. Pursuant to Florida's Wrongful Death Act, Kyle Taylor and Julia Taylor, as Co-Personal Representatives of the Estate of Gordon Bennett Taylor and the Estate of Barbara Taylor, bring this action on behalf of all survivors entitled to recover damages for the wrongful deaths of Gordon Bennett Taylor and Barbara Taylor. The known survivors are Kyle Taylor and Julia Taylor. The plaintiffs also bring this action on

5. Pursuant Florida's Wrongful Death Act, Kyle Taylor and Julia Taylor, as Co-Personal Representatives of the Estate of Gordon Bennett Taylor and the Estate of Barbara Taylor also bring this action on behalf of the Estate of Gordon Bennett Taylor and the Estate of Barbara Taylor to recover all lost net accumulations.

## DEFENDANT

## THE UNITED STATES OF AMERICA ON BEHALF OF
## THE FEDERAL AVIATION ADMINISTRATION

6. At all times material, the Federal Aviation Administration ("FAA") was and is an administrative agency and an instrumentality of the defendant, United States of America.

7. The Federal Aviation Administration is charged with maintaining and ensuring the safe and efficient use of navigable airspace through a network of towers, air route traffic control centers, and flight service stations that they operate, control, staff, and/or regulate within the United States and in particular in the State of Florida.

8. At all times material, the Federal Aviation Administration operated, controlled, staffed, and/or regulated a network of towers, air route traffic control centers, and flight service stations, in particular, but not limited to the Jacksonville Airport Traffic Control Tower ("Jax ATCT"), Miami Air Route Traffic Control Center ("Miami ARTCC"), Tampa Airport Traffic Control Tower ("TPA ATCT"), and the Gainesville Automated Flight Service Station ("Gainesville AFSS").

## JURISDICTION AND VENUE

9. This is an action for damages in excess of this Court's minimal jurisdictional requirements of $75,000.00 (Seventy-Five Thousand Dollars) for filing a lawsuit; exclusive of interest and costs and otherwise within the jurisdictional limits of this court.

10. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. §1346(b).

11. Kyle Taylor and Julie Taylor, as Co-Personal Representatives of the Estate of Gordon Bennett Taylor and the Estate of Barbara Taylor, have complied with all conditions precedent for filing this action against the United States of America. The plaintiffs have presented an administrative claim on behalf of the Estates of Gordon Bennett Taylor and Barbara Taylor via Standard Form 95s to the FAA on February 11, 2009. Said claims have not been finally denied by the FAA. Pursuant to 28 U.S.C. §2675(a), the plaintiffs have the right to deem the claims denied,

and proceed with this litigation in that the FAA has failed to make a final disposition of the claim within six (6) months after the claim was filed.

12. Venue of this action is proper pursuant to 28 U.S.C. §1402(b) because (1) the plaintiffs reside in Key West, Monroe County, Florida, (2) the subject aircraft, pilot, and fixed based operator that operated the flight are based in Key West, Monroe County, Florida, and, (3) numerous witnesses are located in Key West, Monroe County, Florida.

## PARTIES

13. At all material times, the Jacksonville Airport Traffic Control Tower ("Jax ATCT") was controlled, operated, staffed and/or regulated by personnel employed by the FAA, and acting in the course and scope of their employment with the United States Government.

14. At all material times, the Gainesville Automated Flight Service Station ("Gainesville AFSS"), was controlled, operated, staffed, and/or regulated by personnel employed by the FAA, and acting in the course and scope of their employment with the United States Government.

15. At all material times, Clois S. Strickland was an air traffic controller (hereinafter "ATC"), employed by the FAA, and acting in the course and scope of his employment with the United States Government at the East Radar position for the Jacksonville Airport Traffic Control Tower ("Jax ATCT").

## FACTS OF THE INCIDENT

16. On or about November 7, 2008, Gordon Bennett Taylor and his wife, Barbara Taylor, were passengers on board a 1983 Partenavia Spa airplane, model P.68C, bearing registration (tail) No. N681KW (hereinafter "N681KW" or "the subject aircraft").

17.     The subject aircraft, a twin propeller engine aircraft, was piloted by Andrew Riciutti, an employee of Florida Aerocharter, Inc., d/b/a Air Key West. The plane was owned by Robert Valle, and leased to Florida Aerocharter, Inc., d/b/a Air Key West.

18.     The flight was being conducted to transport Mr. Taylor to Gainesville, Florida with the hope that he would received a kidney transplant.

19.     On or about November 7, 2008, at approximately 12:30 a.m. (0535 Universal Coordinated Time - UTC), the subject aircraft (N681KW) departed from Key West International Airport (EYW) en route to Gainesville Regional Airport (GNR). The plane was operating under Instrument Flight Rules ("IFR"), and was continuously monitored by Air Traffic Control.

20.     Shortly after takeoff, the pilot contacted the air traffic controllers at the Miami ARTCC and activated his IFR flight plan. The pilot was thereafter transferred from the Miami ARTCC to the Tampa ATCT, and from there to Jacksonville Air Traffic Control, continuously maintaining contact with air traffic controllers.

21.     At approximately 2:15:58 (0715:58 UTC), the pilot of N681KW contacted Jacksonville Air Traffic Control and announced his presence on their frequency.

22.     At approximately 2:16:08 a.m. (0716:08 UTC), Jacksonville air traffic controller Clois S. Strickland acknowledged the subject aircraft on his radar and stated "no weather information available for Gainesville." This transmission by ATC Clois S. Strickland was no accurate nor appropriate.

23.     At approximately 2:16:16 a.m. (0716:16 UTC), the pilot of N681KW responded to Jacksonville air traffic controller Clois S. Strickland's communication and stated their flight was a "priority" because they were trying to get a kidney transplant.

24. Over the next 15 minutes Jacksonville air traffic controller Clois S. Strickland directed the pilot of N681KW to descend to 3,000 feet, and to plan to use an instrument approach to runway 29 at Gainesville Regional Airport. No information was provided about the weather conditions at Gainesville Regional Airport.

25. At approximately 2:33:40 a.m. (0733:40 UTC), Jacksonville air traffic controller Clois S. Strickland, instructed the pilot of N681KW that he was cleared to land on runway 29 at Gainesville Regional Airport. Once again, no information was provided about the weather conditions at Gainesville Regional Airport.

26. Over the next 10 minutes, Jacksonville air traffic controller Clois S. Strickland continued to direct the pilot of N681KW in his decent for landing on runway 29 at Gainesville Regional Airport; not once was any information provided about the weather conditions at Gainesville Regional Airport.

27. At approximately 2:38:08 a.m. (0738:08 UTC), Jacksonville air traffic controller Clois S. Strickland contacted the Gainesville Automated Flight Service Station (Gainesville AFSS), and informed them of N681KW's approach to the airport.

28. At approximately 2:43:17 a.m. (0743:17 UTC), Jacksonville air traffic controller Clois S. Strickland made the decision to terminate air traffic control services to N681KW. The subject aircraft was entering its final approach to the Gainesville Regional Airport. This termination of services meant that air traffic control would no longer provide services to the pilot of N681KW; this despite the fact that the weather conditions at Gainesville Regional Airport were so poor that a pilot would literally not be able to see the runway until they were almost right on top of it (the reported weather at Gainesville Regional Airport was visibility of 1/4 mile in fog with vertical

visibility of only 100 feet). The decision to terminate air traffic control services rested solely with air traffic controller Clois S. Strickland. Mr. Strickland could have continued to monitor the plane on his radar and stay in contact with the pilot of N681KW until it landed at Gainesville Regional Airport. However, despite the weather conditions, and despite the fact that the pilot of N681KW had declared that this flight was a "priority" flight for a kidney transplant, air traffic controller Clois S. Strickland made the decision to terminate air traffic control services.

29. Shortly after 2:45:00 a.m. (0745 UTC), all radar contact was lost with N681KW.

30. The airplane carrying Gordon Bennett Taylor and his wife, Barbara Taylor, crashed less than one mile from the runway at Gainesville Regional Airport at approximately 2:45 a.m. Gordon Bennett Taylor and his wife, Barbara Taylor, were killed in the crash.

31. Examination of the crash site revealed that the subject plane, N681KW, apparently descended too low while on approach to runway 29 and struck the tops of the trees before crashing to the ground. The tops of some of these trees were estimated to be over 150 feet.

## COUNT I:
## NEGLIGENCE OF THE DEFENDANT

32. Plaintiffs hereby incorporate by reference, as though fully set forth herein, paragraphs 1 through 31, and allege as follows:

33. At all times material, the Federal Aviation Administration (hereinafter "FAA"), under the direction and control of the United States Government, operated, controlled, staffed, and/or regulated a network of towers, air route traffic control centers, and flight service stations, in particular, but not limited to the Jacksonville Airport Traffic Control Tower ("Jax ATCT"), Miami Air Route Traffic Control Center ("Miami ARTCC"), Tampa Airport Traffic Control Tower ("TPA ATCT"), and the Gainesville Automated Flight Service Station ("Gainesville AFSS").

34. The defendant, by and through their agents, servants, employees, contractors, and associates, acting within the course and scope of their employment, had a duty to use reasonable care in maintaining and ensuring the safe operation and movement of aircraft in navigable airspace through their network of towers, air route traffic control centers, and flight service stations, in particular, but not limited to the Jacksonville Airport Traffic Control Tower ("Jax ATCT"), Miami Air Route Traffic Control Center ("Miami ARTCC"), Tampa Airport Traffic Control Tower ("TPA ATCT"), and the Gainesville Automated Flight Service Station ("Gainesville AFSS").

35. The defendant, by and through their agents, servants, employees, contractors, and associates, acting within the course and scope of their employment were negligent and breached their duty of care to the Gordon Bennett Taylor, deceased, and Barbara Taylor, deceased, by committing the following acts and/or omissions, including, but not limited to:

   a. Failing to maintain and ensure the safe operation and movement of aircraft through navigable airspace, in particular the subject aircraft;

   b. Failing to properly observe and communicate weather data to the subject aircraft;

   c. Failing to properly monitor the subject aircraft;

   d. Failing to maintain radar service and controller contact with the subject aircraft during its final approach to Gainesville Regional Airport;

   e. Failing to provide proper air traffic control services to a flight that was labeled as a "priority" flight;

   f. Failing to ensure proper supervision of its air traffic controllers and flight service personnel;

   g. Failing to provide proper training to its air traffic controllers and flight service personnel;

   h. Failing to provide air traffic control and flight services to the subject aircraft as required by FAA Order 7110.10 and FAA Order 7110.65.

i. Failing to properly hire, fire, and retain, employees and agents;

j. Failing to properly supervise employees and agents with regards to ensuring the safe operation and movement of aircraft through navigable airspace, in particular the subject aircraft;

k. Failing to properly train employees and agents with regards to ensuring the safe operation and movement of aircraft through navigable airspace, in particular the subject aircraft;

l. Any other acts or omissions discovered during litigation that resulted in a breach of duty to use reasonable care in the safe operation and movement of aircraft.

## DAMAGES

36. Plaintiffs hereby incorporate by reference, as though fully set forth herein, paragraphs 1 through 35, and further allege as follows:

### Kyle Taylor and Julia Taylor as Co-Personal Representatives of the Estate of Gordon Bennett Taylor

37. Plaintiffs suffered damages as a direct and proximate result of the negligence and carelessness of the defendants, as heretofore set forth, which resulted in the crash of N681KW and the deaths of Gordon Bennett Taylor and Barbara Taylor.

38. Plaintiffs Kyle Taylor and Julia Taylor, individually, as survivors, and as Co-Personal Representative of the Estate of Gordon Bennett Taylor, claim all damages allowed by Florida's Wrongful Death Act (Florida Statute §768 et. seq.), including, but not limited to mental pain and suffering, loss of parental companionship and guidance, loss of affection and protection; medical expenses and/or funeral expenses; loss of support of services, contributions in kind; loss of household services, and any and all elements of damages allowable under Florida law.

39.   The Estate of Gordon Bennett Taylor claims all damages allowed by Florida's Wrongful Death Act (Florida Statute §768 et. seq.), including, but not limited to monetary support of the deceased, loss of net accumulations, loss of earnings past and future, medical and funeral expenses, loss of services and support.

WHEREFORE, Plaintiffs Kyle Taylor and Julia Taylor, as Co-Personal Representatives of the Estate of Gordon Bennett Taylor, deceased, demand judgment in excess of this Court's minimal jurisdictional requirements of $75,000.00 (Seventy-Five Thousand Dollars) for filing a lawsuit; exclusive of interest and costs and otherwise within the jurisdictional limits of this court.

### Kyle Taylor and Julia Taylor as Co-Personal Representatives of the Estate of Barbara Taylor

40.   Plaintiffs suffered damages as a direct and proximate result of the negligence and carelessness of the defendants, as heretofore set forth, which resulted in the crash of N681KW and the deaths of Gordon Bennett Taylor and Barbara Taylor.

41.   Plaintiffs Kyle Taylor and Julia Taylor, individually, as survivors, and as Co-Personal Representative of the Estate of Barbara Taylor, claim all damages allowed by Florida's Wrongful Death Act (Florida Statute §768 et. seq.), including, but not limited to mental pain and suffering; loss of parental companionship and guidance, loss of affection and protection; medical expenses and/or funeral expenses; loss of support of services, contributions in kind, loss of household services, and any and all elements of damages allowable under Florida law.

42.   The Estate of Barbara Taylor claims all damages allowed by Florida's Wrongful Death Act (Florida Statute §768 et. seq.), including, but not limited to monetary

support of the deceased, loss of net accumulations, loss of earnings past and future, medical and funeral expenses, loss of services and support.

WHEREFORE, Plaintiffs Kyle Taylor and Julia Taylor, as Co-Personal Representatives of the Estate of Barbara Taylor, deceased, demand judgment in excess of this Court's minimal jurisdictional requirements of $75,000.00 (Seventy-Five Thousand Dollars) for filing a lawsuit; exclusive of interest and costs and otherwise within the jurisdictional limits of this court.

Dated: <u>17th</u> day of <u>November, 2009</u>

By: _____
**Mark A. Sylvester**
Florida Bar No. 178561
E-mail:   Sylvester@Leesfield.com
**Ira H. Leesfield**
Florida Bar No. 140270
E-mail: Leesfield@Leesfield.com
Leesfield & Partners, P.A.
2350 South Dixie Highway
Miami, FL 33133
Phone:   305-854-4900
Fax:      305-854-8266
*Trial Counsel for Plaintiffs*

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**09-10105**

FILED by _____ D.C.
NOV 17 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

## I. (a) PLAINTIFFS
KYLE TAYLOR and JAY TAYLOR, as Personal Representatives of the Estate of GORDON BENNETT TAYLOR, their father, and the Estate of BARBARA TAYLOR, their mother

**DEFENDANTS**
THE UNITED STATES OF AMERICA, on behalf of THE FEDERAL AVIATION ADMINISTRATION

(b) County of Residence of First Listed Plaintiff: **Monroe County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark A. Sylvester, Esquire
Leesfield & Partners, P.A.
2350 South Dixie Highway
Miami, FL 33133
305-854-4900

Per atty

Attorneys (If Known)

**CIV-MOORE   MAGISTRATE JUDGE SIMONTON**

(d) Check County Where Action Arose: ☐ MIAMI-DADE  ☒ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO
b) Related Cases ☐ YES ☒ NO
JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): **28 USC Section 1346(b) and 2671 et seq.**
Death of Plaintiff from a plane crash stemming from the negligence of the FAA Air Traffic Controllers and Flight Service Specialists.
LENGTH OF TRIAL via **6** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **15,500,000 per Estate**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 11/17/2009

FOR OFFICE USE ONLY
AMOUNT $350   RECEIPT # 101198
11/17/09